**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILDERNESS WATCH, INC., | No. 17-35117 |
| Plaintiff-Appellant, | D.C. No. 3:15-CV-5771-RBL |
| v. | |
| SARA CREACHBAUM, in her official capacity as the Superintendent of the Olympic National Park, and NATIONAL PARK SERVICE, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| NATIONAL TRUST FOR HISTORIC PRESERVATION, WASHINGTON TRUST FOR HISTORIC PRESERVATION, and FRIENDS OF OLYMPIC NATIONAL PARK, | |
| Intervenors-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 9, 2018
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FERNANDEZ and NGUYEN, Circuit Judges, and RAKOFF,[**] Senior District Judge.

Plaintiff-Appellant Wilderness Watch, Inc. ("Wilderness Watch") appeals from the district court's grant of summary judgment for Defendants-Appellees Sarah Creachbaum and the National Park Service (the "Park Service") on Wilderness Watch's claim that the Park Service's rehabilitation of five historically significant structures in the Olympic Wilderness violated the Administrative Procedure Act ("APA") and the Wilderness Act, 16 U.S.C. §§ 1131-33. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision *de novo*, *see Native Ecosystems Council v. Dombeck*, 304 F.3d 886, 891 (9th Cir. 2002), we affirm.

Under the APA, a court may "set aside agency action" only if it determines that the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). If the Park Service's actions are unambiguously contrary to the language of the Wilderness Act, then we must "give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984). However, if the Act is ambiguous with respect to the agency's decision, then, as all parties agree, so-

---

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

called *Skidmore* deference applies. *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944); *United States v. Mead Corp.*, 533 U.S. 218, 227-28 (2001).

The provision at issue here is the Wilderness Act's prohibition on "structure[s]" and "installation[s]" within any wilderness area "except as necessary to meet minimum requirements for the administration of the area for the purpose of this chapter." 16 U.S.C. § 1133(c).

1. Wilderness Watch first argues that the Park Service's rehabilitation of the five structures is prohibited by the unambiguous language of 16 U.S.C. § 1133(c), because preserving man-made structures serves no "purpose" of the Wilderness Act. The Park Service asserts that its restoration of the five structures, each of which is either listed on the National Historic Register or eligible for listing, was in service of Congress's direction that wilderness areas be "devoted" to the public purpose of "historical use." 16 U.S.C. § 1133(b).

Binding Ninth Circuit precedent compels the conclusion that "historical use" is ambiguous. *Wilderness Watch, Inc. v. U.S. Fish & Wildlife Serv.*, 629 F.3d 1024 (9th Cir. 2010) [hereinafter *Kofa*]. In *Kofa*, we held that the Wilderness Act gives agencies "conflicting policy directives" by directing them to preserve wilderness while "at the same time providing for 'recreational, scenic, scientific, educational, conservation, and historical use,'" *id.* (quoting 16 U.S.C. § 1133(b)), and that this conflict rendered "conservation" ambiguous. Although *Kofa* only addressed

whether "conservation" is ambiguous, there is no reason why, under its logic, "historical use" should be treated differently from "conservation"; they are both contained within the same series in § 1133(b) and "historical use" is in no less tension with wilderness here than "conservation" was in *Kofa*.

Therefore, *Skidmore* deference applies. Under *Skidmore*, the deference accorded to agency interpretation depends on "the thoroughness evident in [the agency's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Mead*, 533 U.S. at 228 (quoting *Skidmore*, 323 U.S. at 140). Considering all these factors, the Park Service's interpretation of "historical use" as inclusive of historical preservation is entitled to deference. For example, the Park Service has a longstanding commitment to preserving historic structures while, at the same time, taking wilderness concerns into account.

2. Wilderness Watch alternatively argues that the Park Service's decision to repair or rebuild the structures in the wilderness was not the minimum necessary to serve the purpose of historical use. *See Kofa*, 629 F.3d at 1036-37. We disagree. The Park Service performed individualized assessments for each structure, culminating in Minimum Requirement Worksheets, which explained why the on-site rehabilitation work was required to serve historic preservation goals and determining which tools and techniques for rehabilitation were the minimum

4

necessary. While the Park Service may not have fully considered the alternative means of preservation suggested by Wilderness Watch, such as reconstructing the structures outside the wilderness, such consideration was not necessary since it is clear that maintaining these structures in their original locations was essential to preserving their historical value.[1]

**AFFIRMED.**

---

[1] The motion of the Coalition to Protect America's National Parks to file a brief as amicus curiae is hereby granted.